1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CLINTON RANSOM,                          No.  2:17-cv-01366 TLN AC

12                    Plaintiff,

13           v.                                <u>FINDINGS AND RECOMMENDATIONS</u>

14    SACRAMENTO HOUSING
      REDEVELOPING AGENCY, et al.,
15
                      Defendants.
16

17          Plaintiff is proceeding pro se, and this action was accordingly referred to the undersigned

18   for pretrial matters pursuant to Local Rule 302(c)(21).  This matter is before the court on

19   defendant Sacramento Housing Redeveloping Agency ("SHRA")'s amended motion to dismiss,

20   joined by defendants Volunteers of America ("VoA") and Gretchen Angele.  ECF No. 15, joinder

21   at ECF No. 17.  Plaintiff filed a response to the motion to dismiss.  ECF No. 21.  Defendants filed

22   a reply.  ECF No. 23.  The hearing on defendants' motion took place on December 13, 2017.

23   ECF No. 19, 24.  Plaintiff did not appear.  ECF No. 24.  The undersigned recommends that the

24   motion to dismiss be GRANTED, and plaintiff be given leave to file an amended complaint.

25          Also before the court are motions for a more definite statement from defendants VoA and

26   Gretchen Angele.  ECF Nos. 7 and 8.  These motions should be DENIED as moot, because the

27   merits are subsumed in the motion to dismiss and the requested relief is addressed by the

28   undersigned's recommendation of leave to amend.

                                                 1

# I. BACKGROUND

### A. Allegations of the Complaint

Plaintiff filed his complaint on July 5, 2017. ECF No. 1. He invokes "(ADA) Title II of the Fair Housing Act § 54.1 Amendments Act of 1988, 42 U.S.C. §§ 3601." ECF No. 1 at 4. Plaintiff alleges that he was forced to remove his service dog from his home. Id. at 5. Plaintiff alleges that when he went to "VAs HUD/WASH representatives" for help, he was denied service from the Sacramento Housing Redeveloping Agency and "Dept. of VA." Id.

Plaintiff alleges removal of his service dog created "major problems" in his life. Id. He alleges he requested a lease termination from SHRA's Theresa Christobal and was denied. Id. Plaintiff alleges he was informed he was not "there for a year." Id. Plaintiff alleges that he cannot function on a daily basis, and he still has no service dog. Id. Plaintiff requests monetary, punitive, and injunctive relief. Id. at 6.

### B. The Claims

As the basis for federal question jurisdiction, plaintiff identifies "(ADA) Title II of the Fair Housing Act § 54.1 Amendments Act of 1988, 42 U.S.C. §§ 3601." ECF No. 1 at 4. In the "relief" section of his complaint, plaintiff also writes "breach of contract, fraud, professional negligence, intentional tort, intentional distress, general negligence, business tort, civil rights, wrongful eviction, construction defect, civil rights refused service." Id. at 6. The Statement of Claim, id. at 5, does not indicate discrete causes of action.

# II. MOTION TO DISMISS

Defendants move for "an order dismissing the Complaint in this action under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint: 1. Fails to state sufficient facts to allege a claim as against these defendants; 2. Fails to allege compliance with the claims presentation requirements of the California Tort Claims Act; and, 3. That individuals cannot be liable under Title II of the Americans With Disabilities Act." ECF No. 15 at 1-2

### A. Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662

(2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, (2007)).  In a plausible claim, "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 545); <u>see also</u> <u>Moss v. United States Secret Serv</u>., 572 F.3d 962, 969 (9th Cir.2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing <u>Iqbal</u> at 1949).  The Court must accept plaintiffs' factual allegations as true, but is not required to accept plaintiff's legal conclusions as true. <u>Id.</u> at 1949–150.  Courts are not required to accept as true legal conclusions that are framed as factual allegations. <u>Iqbal</u>, at 1950 (citation omitted).  Complaints by plaintiffs proceeding pro se are construed liberally when being evaluated under <u>Iqbal</u>, with the plaintiff afforded the benefit of any doubt. <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010).

      B.    <u>Analysis</u>

             *1.  Insufficient Factual Basis for Claims*

      Plaintiff's putative claims against defendants do not survive scrutiny under Fed. R. Civ. P. 12(b)(6), because the complaint lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949.[1]

      Defendants SHRA and Christobal argue first that there are insufficient facts alleged as a basis for any of plaintiff's claims against them.  Plaintiff claims that he was not permitted to have his service dog in his home, but he does not allege that there was any landlord/tenant relationship between himself and SHRA or Christobal.  ECF No. 15-1 at 4.  SHRA and Christobal also point out that there are no facts alleging that either of them were the person or entity that actually denied plaintiff the right to have his service dog in his home.  <u>Id.</u>  Further, SHRA and Christobal

---

[1]  As defendants note, plaintiff appears to be bringing his action under Section 54.1 of California's Fair Housing Act, Cal. Civil Code § 54, et seq. (Complaint, II A., apparently referring to Cal. Civil Code § 54, et seq., the California Disabled Persons Act (CDPA)), and the Federal Fair Housing Act, 42 USC § 12131, et seq. ECF No. 15-1 at 1-2. Defendants also acknowledge that the complaint references Title II of the American's with Disabilities Act ("ADA"), which prohibits, generally, discrimination on the basis of disability by public entities. <u>Id.</u>

argue that plaintiff's vague allegations that they denied him "services" must fail where plaintiff did not articulate what "services" were denied. Id. SHRA and Christobal are correct that the complaint fails to alleged facts that are sufficient to support their liability. To the extent plaintiff claims that Christobal and SHRA illegally refused to terminate his lease, there are no facts establishing the existence of a contract between the parties, the terms of the contract, or the nature of defendants' obligations. Id. at 4. There are no facts specifically identifying actions taken by SHRA or Christobal that deprived plaintiff of rights under the ADA, Fair Housing Act, or other law.

For the same reasons, the complaint fails to state viable claims against Volunteers of America and Gretchen Angele. Plaintiff does not explain his relationship with VoA or Angele, assert that VoA or Angle had a landlord/tenant relationship with him, or assert that either of them were the entity or person that denied him the right to live with his service dog. Plaintiff's opposition does nothing to address any of these issues. ECF No. 21. For the above stated reasons, defendants' motion to dismiss should be granted, and the complaint should be dismissed.

*2. Failure to Allege Compliance with the California Tort Claims Act*

To the extent plaintiff is bringing a claim under the CDPA, the claims must be dismissed because plaintiff does not allege compliance with the provisions of the California Tort Claims Act regarding the presentation of a claim to the public entity, SHRA. Failure to comply with the California Tort Claims Act by presenting the claim to the public entity is fatal to the claim. Karim–Panahi v. L.A. Police Dep't, 839 F.2d 621, 627 (9th Cir.1988). Because plaintiff did not include allegations of his compliance with the California Tort Claims Act, the court must dismiss his CDPA claim.

*3. Individuals are Not Subject to Title II claims under the ADA*

To the extent plaintiff is attempting to sue individuals under Title II of the ADA, those claims must be dismissed. "Individual liability is precluded under ADA Title II." Roundtree v. Adams, No. 101CV06502OWWJLO, 2005 WL 3284405, at *8 (E.D. Cal. Dec. 1, 2005) (Wanger, J.) (holding that individual employees of a public entity could not be held liable under Title II of the ADA).

C.    Leave to Amend

Leave to amend is appropriate in this case.  Courts must grant leave to amend where justice so requires.  Fed.R.Civ.P. 15(a).  Plaintiff is proceeding in pro se, and has not previously amended or been provided with guidance regarding applicable pleading standards.  There is no indication of undue delay, bad faith, dilatory motive, or prejudice to defendants.  See Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).  Accordingly, plaintiff should be provided an opportunity to address the problems with his complaint that are discussed here.

D.    Guidance for Amendment

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  The complaint must state the basis for federal jurisdiction, the factual basis for each claim plaintiff wishes to bring, and the relief sought.  Fed. R. Civ. P 8(a).  The form civil complaint that plaintiff used to commence this action can provide guidance.

As the form complaint explains on page 5, in the instructions for completing the Statement of Claim, plaintiff must separately identify each claim that he wishes to bring.  For example, if plaintiff wants to pursue one claim for ADA violations and another claim for breach of contract, he must separately identify the claims and separately specify the facts related to each one.  As to each claim, plaintiff must plainly state who did what, and how the alleged actions violated his rights.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

The allegations of the amended complaint should be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Fed. R. Civ. P. 10(b).  Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should

contain only those facts needed to show how the defendant(s) legally wronged the plaintiff.

Also, the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 (2009) ("Normally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d ed.1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. SUMMARY FOR PRO SE PLAINTIFF

The magistrate judge is recommending that your complaint be dismissed because it does not tell the defendants or the court exactly "who did what" to you. A complaint needs to say clearly say who harmed you, how they harmed you (including what laws they violated), and what the relationship is between yourself and the person or entity that you believed harmed you. The court cannot tell from your complaint where you lived when you were forced to remove your service animal, who your landlord was, or who made the decision. It is not clear what roles the various defendants had in your housing or in the decision about your service animal, and it is not clear what legal grounds for relief you are relying on. The magistrate judge is recommending that you be allowed to amend your complaint to fix these problems. If you choose to file an amended complaint, the new complaint has to have all of the necessary information included in it. Guidance for amendment is provided above.

The final decision whether to grant the motion to dismiss, and give you leave to amend, will be made by the district judge assigned to this case. See below for information on how to object to this recommendation. You are not required to file an amended complaint until after the district judge decides whether or not to adopt the recommendation.

### III. CONCLUSION

Accordingly, for the reasons explained above, IT IS HEREBY RECOMMENDED that:

1.      Defendants' motion to dismiss (ECF No. 15) be GRANTED;

6

2.     Plaintiff's complaint be dismissed in its entirety, with leave to amend within 30 days of the date the final order dismissing the complaint is entered;

3.     Defendants' motions for a more definite statement (ECF Nos. 7 and 8) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 13, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE